983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Effie Jane RAYL, Plaintiff-Appellant,
v.
K-MART CORPORATION, Defendant-Appellee.
 No. 92-5360.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1992.
 
 1
 Before RALPH B. GUY, JR. and RYAN, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Effie Jane Rayl appeals a district court judgment denying her motion for a new trial following a jury verdict for the defendant in this diversity tort case. Rayl's appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 3
 Rayl alleged that she was injured when she tripped over a hose that was left in the aisle of the defendant's store. A jury returned a verdict for the defendant, and Rayl filed a timely motion for a new trial. That motion was denied on February 27, 1992, and Rayl now appeals.
 
 
 4
 Rayl testified that she was walking through a display of plants in the store's parking lot when something pulled her feet from underneath her. Rayl stated that she hadn't noticed any obstruction because she was looking at the plants; however, after the fall Rayl discovered that her feet were entangled in a hose. The record also indicates that the hose would have been in Rayl's line of vision if she had not been looking at the displays of plants.
 
 
 5
 The district court's decision to deny a motion for a new trial is reviewed for an abuse of discretion on appeal. Clarksville-Montgomery County School Sys. v. United States Gypsum, 925 F.2d 993, 1002-03 (6th Cir.1991). Rayl now argues that the district court erred by failing to instruct the jury on the law relating to a "distraction causing inattention to danger." It is undisputed that the substantive law of Tennessee is controlling in this case. However, Rayl has not cited any authority from Tennessee which directly supports her argument. Thus, the district court did not abuse its discretion because the authority cited by Rayl was simply not binding precedent in her case.
 
 
 6
 A jury verdict should not be reversed on the basis of the jury instructions unless the instructions confused, misled, or prejudiced the jury. The district court's instructions here were consistent with the Tennessee law on contributory negligence. See Losey v. North American Philips Consumer Electronics Corp., 792 F.2d 58, 59-60 (6th Cir.1986). Furthermore, the court correctly instructed the jury on the doctrine of remote contributory negligence which allowed them some latitude in evaluating Rayl's failure to see the hose. Finally, the jury could have found that a reasonable person would not have noticed the hose, even though they were not given the instruction that Rayl requested on distraction.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation